107 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul J. CIESLA, Plaintiff-Appellant,
v.
John W. SHANNON, Acting Secretary of the Army, Defendant-Appellee.
 No. 95-16141.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1996.*
Decided Feb. 04, 1997.
 
 1
 Before: REINHARDT and RYMER, Circuit Judges; TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 I. Fees for Work Done on No. 93-16640.
 
 
 4
 The district court did not abuse its discretion in denying Ciesla fees for work done on his prior appeal. In order to be a prevailing party on appeal, and thus be entitled to attorneys' fees, one must gain a benefit that goes to the merits of the action, thereby affecting a substantial right of the parties. Hanrahan v. Hampton, 446 U.S. 754, 757-59 (1980). On appeal Ciesla succeeded in reversing the district court's conclusion that he was not the prevailing party in Phase II of the litigation. However, that decision did not go to the merits of any of his claims. The reversal merely allowed him to return to the district court and argue that he was entitled to more fees than he was previously awarded. On remand, he did not prevail on that argument in the district court.
 
 II. Phase II Fees
 6/13/89 through 9/30/89
 
 5
 Ciesla requested payment for 3.7 hours of work done between the above dates. Based upon his own exhibits, the district court did not err in denying the fees he sought and in rejecting his arguments on reconsideration.
 
 
 6
 Partial Success--12/6/89 through 2/16/90; 2/20/90 through 2/25/91
 
 
 7
 Ciesla conceded that he decided to forego his front pay claim and that, because that claim was never adjudicated, he did not succeed on it. Accordingly, he recommended the 25% reduction in merits fees, and the district court granted his request. Having received fees according to the 75% ratio he sought, he cannot now challenge the district court's ruling.
 
 
 8
 "Current" rates versus "Historic" rates
 
 
 9
 In his motion for reconsideration, Ciesla stated that he "agrees that the Court is correct in ruling that his argument about 'current' rates vs. 'historic' rates cannot prevail as against the federal government, in light of the sovereign immunity issue." Because Ciesla agreed with the district court's decision, we will not review his challenge to it here.
 
 III. Fees-on-Fees
 
 10
 The district court declined to award Ciesla any fees for his work done attempting to increase his fee award. Because we hold that the district court did not abuse its discretion in declining to award him more merits fees than he was awarded by the Army, we also hold that it did not err in denying him fees-on-fees.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3